### No. 158
### BALDWIN PUB. CO. v. MOG
#### U. S. Appeals, 6th Circuit
#### No. 4404. Decided Jan. 5, 1926

**1089. SETTLEMENTS—Where parties to a suit represent that the matters therein involved have been adjusted and settled to their satisfaction, and a decree is made in court dismissing the action, such decree will not be vacated because of a dispute arising between a litigant and counsel as to fees; nor will the decree be vacated because the contract of settlement contains provisions in violation of law.**
PER CURIAM.

The Baldwin Law Publishing Co. brought an action against Karl Mog in the District Court on March 6, 1923, charging infringement of a copyright owned by it, of a publication known as the "General Code of the State of Ohio;" praying for an injunction and accounting.

The District Court dissolved the temporary injunction and dismissed writ of seizure for certain books upon representation of counsel for the parties that matters in dispute had been settled to their accord and satisfaction.

W. E. Baldwin, president of the Publishing Co. filed a motion to vacate and set aside the settlement, and to vacate the judgment and order based thereon for the reason that he had not consented to any such settlement; and that counsel representing him was wholly without authority to make the same. The court overruled the motion and Baldwin appealed to the Circuit Court of Appeals, which held:

1. While the motions presented a direct conflict in the material issues, by evidence clearly preponderating, it appears that the Baldwin Co. authorized its counsel to enter into an agreement of settlement.

2. The only complaint made by the Company through its president was in reference to the fees charged by its counsel, which fee, Baldwin considered excessive; he, inferring, that he would not have accepted the settlement had he known of the size of the attorney's fee.

3. Litigants cannot trifle with courts. When the court is informed that the matter in controversy has been settled and adjusted by the parties themselves and the terms and conditions are not disclosed, the court has a right to presume that such contract of settlement is lawful.

4. A decree dismissing the action made and entered at the request and with consent of parties, and upon the representations that the cause is settled, will not be vacated merely because a dispute has later arisen between one of the litigants and his counsel as to fees.

5. It is contended by the Company that the agreement of settlement was void in that it contained a provision or agreement to abandon a criminal prosecution already commenced.

6. The decree will not be vacated because the contract of settlement contains terms in violation of law. In such event the parties will be left where they have placed themselves by their own illegal contract.

7. Without expressing or intending to express any opinion as to the legality or illegality of this contract of settlement the decree of the District Court is affirmed.

Decree affirmed.

---

### No. 159
### W. H. ANDERSON CO. v. BALDWIN LAW PUB. CO.
#### U. S. District Court, Eastern Division
#### No. 1259. Decided Feb. 3, 1926

**309. COPYRIGHTS—1. Where there is no substantial or material appropriation of complainant's original labor or work, there is no infringing use made of the copyrighted book.**

**2. Existence of similarities and common errors, though generally furnishing prima facie evidence of copying, is not conclusive unless in such amount so as to constitute an appropriation of the original work.**

**941. PRACTICE & PROCEDURE—Finding of Master should not be conclusive upon the court where the matter has been referred after full trial in court and where the Master has not taken testimony or heard witnesses.**
JONES, J.

This action was one in equity against the Baldwin Law Publishing Co. for infringement wherein the W. H. Anderson sought an injunction, surrender of copies and plates, accounting and damages. The Anderson Co. published Page & Adams Ohio Annotated Code in seven volumes in 1912, the supplement in 1916 and the Topical Index to the General Code of Ohio in 1910.

The Baldwin Co. published Throckmorton's Ohio General Code in one volume, in 1921, and a subsequent Appendix for use therewith in 1923. Anderson Co. claimed that this work infringes its copyrights upon those volumes as above set forth.

The Baldwin Co. did not dispute the plaintiff's compliance with the copyright laws as to Page & Adams' annotated Code or Supple-

ment, but declined to admit the validity of copyright as to the Topical Index to the General Code of 1910. Defendant further denied infringement of any of plaintiff's copyrighted works.

Because the nature of the case required a search and comparison of various volumes and reports, the matter was referred to a Master. The conclusion of the Master was that no substantial infringements of plaintiff's copyrighted works existed; and that none of the relief sought by the plaintiff was warranted; further concluding that the Bill be dismissed.

The Anderson Co. excepted to the report of the Master and the question was raised as to the conclusiveness of the Master's finding upon the trial court. It was claimed that the Master made no specific finding of fact or law. It was further complained that the Master exceeded the limits of the reference in finding that no relief by way of damages should be afforded, because impossible of proof or computation. The District Court held:

1. The force and effect of the Master's findings vary somewhat, depending upon the manner and terms of the reference.

2. In a case referred as this one, after full trial to the court, and where the Master has not taken the testimony and heard the witnesses, the findings of the Master should not be conclusive upon the Court.

3. Although the reference was proposed by the Court and the parties approved said order, it contains no requirement of special finding. This is a case where special findings would be most difficult to make and Equity Rule 61 is hardly applicable.

4. A claim of infringement made by the Anderson Co. is that the Baldwin Co. clipped and used Page & Adams annotations as copy for its Code.

5. This copy would have been important evidence if available, but it was not produced and the Master's finding was based upon the conflicting evidence as to whether the printer or the publisher of the Code had it last.

6. The Master was of the opinion the many of the examples presented as evidence of copying, such as common errors and similiarity of language, might be readily attributable to the common use by both parties of earlier compilations of Ohio Statutes; and that nothing conclusive could be claimed for those examples until an examination and comparison of such earlier sources could be made.

7. This was done by the Master, resulting in the finding made by him.

8. Whether the defendant has made an unfair use of plaintiff's copyrighted work, or has appropriated the original work of its compiler, depends upon a comparison of the two publications and the evidence submitted thereon.

9. The fundamental and marked difference in style, size and scope of the two works make a comparison difficult.

10. Although similarities and common errors generally furnish prima facie evidence of copying, yet their existence is not conclusive as to unlawful and unfair use, unless in such substantial and material amount as to constitute an injurious appropriation of the original work or labor of another, the exclusive right of which has been secured by copyright.

11. There has been no such substantial or material infringing use made by the Baldwin Co. of the Anderson Company's copyrighted work, nor any such appreciable appropriation of the original labors of the latter by the former as to justify the granting of the remedy prayed for.

12. In view of this conclusion it seems to follow that there is no rule or basis upon which damages could be estimated.

Report of Master approved and adopted.

---

## Bound Volumes
For the Years
# 1923, 1924 and 1925
# OHIO
# LAW ABSTRACTS

---

JUST A FEW VOLUMES OF 1923 LEFT
And They Will Soon be Taken
THEY GROW MORE VALUABLE WITH AGE
PRICE NOW $17.50, EACH

### Sets of the 3 Vols.
# Now $36.00
### Delivered
### Including the February 3 Years
### Digest $40.00

If you have back numbers for part of the periods we will receive them in exchange

WRITE FOR PARTICULARS

# Law Abstract Company
CLEVELAND, O.
13916 Euclid Avenue